Scott, L
This case comes before us by the reservation of the district court of Hamilton county, upon an agreed statement of facts.
The plaintiff’s lessors claim title to the premises in controversy as the heirs at law of Abigail Newell. The defendant derives his title from a deed of conveyance, executed December 13, 1814, by Samuel Newell and his wife, the said Abigail. The coverture of the said Abigail continued till her death in 1839.
Two certificates of acknowledgment are appended to this deed, and upon the same sheet of paper. The first is dated March 15, 1815, and reads thus :
“ State of Ohio, Hamilton county, ss.
“ Before me, the undersigned, justice of the peace in and for said county, came personally Samuel Newell and Abigail, his wife, the above-named grantors, who acknowledged the above deed of conveyance to be their voluntary act and deed for the uses and purposes therein mentioned. In testimony whereof I have hereunto set my hand affixed my seal, etc.
“ George Yeatman, J. P. [seal.] ”
The second acknowledgment bears date of September 5,1829, and is as follows:
*“ State of Ohio, Hamilton Oounty, ss.
“ Before me, president judge of the ninth circuit, within and for said county, personally appeared Abigail, wife of the said Samuel Newell, the above-named grantor, and acknowledged the above deed of conveyance to be her voluntary act and deed, for the uses and purposes therein mentioned; and the said Abigail, wife of the said Samuel, being examined separate and apart from her husband, and the consents of said deed being made known and explained to her, declares that she voluntarily and of her own free will and accord, without any fear or coercion of her husband, did and now doth acknowledge the signing and sealing thereof. In witness whereof, I have hereunto set my hand and seal, this fifth day of September, in the year of our Lord eighteen hundred and twenty-nine.
George P. Torrence, [seal.] ”
The sole question in the case, as presented by the agreed statement of counsel is: Does this deed, jointly executed by Samuel and Abigail Newell, properly attested, and in all other respects formal and sufficient, but thus acknowledged, pass to the grantee *14 therein named, the legal title which the said Abigail at its date held to the premises in controversy?
The first acknowledgment was made under the act of 1805, Cur-wen’s Laws, 284; the second under that of February 24, 1820, 2 ■Chase, 1139.
Assuming that the first is insufficient for the reason that it does not show a separate examination of the wife, is this defect cured or supplied by the second ?
It is claimed, in argument, that the second acknowledgment, being the sole act of the wife during coverture, is void. But this court,'at its last term, held that, under this same act of 1820, in order to divest the wife of her interest in lands, it is not necessary that the deed of conveyance be jointly and simultaneously acknowledged by her husband and herself — that a separate acknowledgment of the husband on one day, and a separate acknowledgment of the wife on a subsequent day, are sufficient. Williams v. Robson, 6 Ohio St. 510. With that decision we are fully satisfied.
It is true, that in this case the two acknowledgments were made before different officers. But it is not denied that each of these officers was competent to receive and certify the acknowl- ■ ■edgment of both husband and wife; and if this might be done at different times, as distinct and separate acts, we do not perceive *why the one officer may not take the acknowledgment of the husband, and the other that of the wife. Were the grantors other than husband and wife, no question could be made as to the necessity of an acknowledgment by both before the same officer. And yet the terms of the statute are, in all material points, identical in both cases.
The present case is, in one respect, a stronger one for the validity of the deed than that of Williams v. Robson; for here we have a joint acknowledgment of husband and wife, as shown by the certificate of Justice Yeatman, as well as a subsequent separate acknowledgment and examination of the wife.
Whether we look to the act of 1805, or that of 1820, these acknowledgments, taken together, show a full compliance with the terms, as well as the spirit and policy of the law.
That the proper influence and protection of the husband was afforded in the transaction, is evidenced not only by the joint execution of the deed, but by its joint acknowledgment, while the absence of all improper influence and constraint by the husband, is *15 ascertained by the separate examination of the wife, and certified in the second acknowledgment.
It does not, therefore, become necessary to decide whether the first acknowledgment alone, would have been sufficient under the act of 1805. We simply say that, if deficient, the defect is supplied, by the subsequent one.

Judgment for defendant.

Bartley, C. J., and Swan, Brinkerhoee, and Bowen, JJ., concurred.